BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**GREGORY R. NYHUS, OSB #913841**
Assistant United States Attorney
greg.r.nyhus@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:13-CR-00064-HZ** |
| | **3:14-CR-00190-HZ** |
| **v.** | |
| | **GOVERNMENT'S REPLY TO** |
| **CYRUS ANDREW SULLIVAN,** | **DEFENDANTS OPPOSITION TO** |
| | **THE GOVERNMENT'S** |
| **Defendant.** | **PROTECTIVE ORDER** |

The United States of America, by Billy J. Williams, United States Attorney for the

District of Oregon, through Gregory R. Nyhus, Assistant United States Attorney (AUSA) for the

District of Oregon, provides this memorandum for the Court's consideration in the above-

entitled matter.

I.      BACKGROUND

The government has moved for a protective order seeking significant limitations on

defendant's retention of materials expected to be provided to defense counsel in anticipation of

defendant's supervised release hearing.  Specifically, the order does not prohibit access or

otherwise limit defendant's review of any material (with the exception of personally identifying

information) but rather seeks to prevent defendant from retaining documents. The order, further, allows counsel to receive a fully unredacted copy of materials.

Defendant has objected, arguing that the risk posed by defendant's possession of the discovery while in custody and beyond is speculative and minimal at best. The government anticipates presenting evidence outlining that defendant has, on multiple occasions, threatened to republish materials contained in the discovery on his website "copblaster" in an attempt to harass and vex individuals who may be witnesses in administrative hearings, supervised release violation hearings or new criminal conduct. Further, several reports of misconduct are contained in the discovery, and defendant's retention of material stemming from current and pending administrative custody or disciplinary issues is entirely inappropriate as those individuals are still charged with supervising defendant while in custody.

The government believes that defendant, either through a third party or upon release, will simply republish the content of the discovery. While defendant's threats about publishing the discovery and other material may or may not give rise to additional criminal conduct, the government does note that 18 U.S.C. §119 criminalizes the publication of the identifying information of individuals protected by statute, including law enforcement.

II.      DISCUSSION

The authority to limit access to discovery is well founded within Rule 16(d)(1) ("Protective and Modifying Orders") of the Federal Rules of Criminal Procedure and its history, under which the court may "[a]t any time . . . for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Rules Advisory Committee specifically designed Rule 16(d)(1) to provide a mechanism to protect witness safety, and to grant

**Government's Reply to Defendant's Opposition to Government's Protective**          **Page 2**
**Order, 3:13-CR-00064-HZ & 3:14-CR-00190-HZ;** *Sullivan*

considerable discretion to the district court in drafting orders under that rule.  *See* Fed. R. Crim.

P. 16 advisory committee's note (1974 Amendment); *United States v. Fort*, 472 F.3d 1106, 1131

(9th Cir. 2007); *United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003) (protective order

allowing the government to provide defense counsel with one copy of covered documents to be

kept in a secure location accessible only to defense counsel was reasonable under

circumstances).

The right to access to materials must be considered against a number of factors.  A

defendant's right to conduct his defense "must be balanced with security considerations and the

limitations of the prison system."  *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990)

(district court's restrictions on access to discovery out of concern of the burden placed on prison

authorities were reasonable).  "[T]he trial court can and should, where appropriate, place a

defendant and his counsel under enforceable orders against unwarranted disclosure of the

materials which they may be entitled to inspect."  *Alderman v. United States*, 394 U.S. 165, 185,

(1969) (citing prior version of Fed R. Crim. P. 16(d)); *see also Bittaker v. Woodford*, 331 F.3d

715, 726 (9th Cir. 2003) ("The power of courts . . . to delimit how parties may use information

obtained through the court's power of compulsion is of long standing and well-accepted.").  In

doing so, the court should seek to ensure that disclosure of discovery materials to a defendant

"involve[s] a minimum hazard to others." *Alderman*, 394 U.S. at 185.  .

///

///

///

///

**Government's Reply to Defendant's Opposition to Government's Protective**　　　　　　**Page 3**
**Order, 3:13-CR-00064-HZ & 3:14-CR-00190-HZ;** *Sullivan*

**III.   CONCLUSION**

Here, given defendant's prior conduct and his current threats, defendant's access to and

retention of materials given in discovery should be significantly limited.

Dated this 1st day of May 2017.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/ Gregory R. Nyhus*
GREGORY R. NYHUS, OSB #913841
Assistant United States Attorney